**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

UNION INSURANCE COMPANY a/s/o )
CBP PROPERTY LP and AMERICAN )
EMPIRE SURPLUS LINES INSURANCE )
COMPANY a/s/o CASH BOX PAWN, )
                                )
      Plaintiff, )
                                )
    v. )           Case No. 1:23-cv-01092
                                )
LOWE'S COMPANIES, INC., LOWE'S )
HOME CENTERS, LLC, LF, LLC, )
CHERVON NORTH AMERICA, INC., and
LOWE'S COMPANIES, INC., d/b/a
KOBALT

      Defendants.

## PLAINTIFFS' COMPLAINT AT LAW

NOW COME Plaintiffs, UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP

and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX

PAWN, by and through their attorneys, and for their Complaint against the Defendants, LOWE'S

COMPANIES, INC., LOWES'S HOME CENTERS, LLC, LF, LLC, CHERVON NORTH

AMERICA, INC., and LOWE'S COMPANIES, INC., d/b/a KOBALT, allege as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this controversy pursuant to 28 U.S.C. 1332,

because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest

and costs, and complete diversity of citizenship exists among the parties.

2.     Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving

rise to this claim occurred within this district.

## PARTIES

3.      Plaintiff, UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP, is an insurance company with its principal place of business located at 222 Las Colinas Boulevard, Suite 1300, Irvine Texas 75039.

4.      Plaintiff, AMERICAN EMPIRE SURPLUS LINES INSURANCE a/s/o CASH BOX PAWN is an insurance company with its principal place of business located at 301 E. Fourth St., Cincinnati, Ohio, 45202.

5.      At all times relevant CBP PROPERTY LP owned real property located at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

6.      At all times relevant CASH BOX PAWN, was a pawn shop located at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746, owned by CBP PROPERTY LP, where the fire began.

7.      At all times relevant LOWE'S COMPANIES, INC., is a North Carolina corporation with a principal place of business at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

8.      At all times relevant LOWE'S HOME CENTERS, LLC is a North Carolina corporation with a principal place of business at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

9.      At all times relevant LF, LLC is a North Carolina corporation with a principal place of business at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

10.     At all times relevant CHERVON NORTH AMERICA INC., is a Delaware corporation with a principal place of business at 1203 Warrenville Road, Naperville, Illinois 60563.

11.     At all times relevant LOWE'S COMPANIES, INC., d/b/a KOBALT is a North Carolina corporation with a principal place of business at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

## GENERAL ALLEGATIONS

12.     On or before September 18, 2021, UNION INSURANCE COMPANY underwrote and issued a policy of insurance to CBP PROPERTY LP pursuant to Policy No. CPA 4614004 – 18 providing coverage for the building and the pawn shop.

13.     On or before September 18, 2021, AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  underwrote and issued a policy of insurance to CASH BOX PAWN pursuant to Policy No. CPPE651193-00.

14.     Prior to September 18, 2021, CASH BOX PAWN purchased a Kobalt air KOBALT COMPRESSOR (herein "KOBALT COMPRESSOR and/or unit") to be used at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746 by CASH BOX PAWN for their normal operations.

15.     On or around September 18, 2021, a fire originated at or in the KOBALT COMPRESSOR.  The fire then spread causing damage to the real property owned by CBP PROPERTY LP and the business and personal property of CASH BOX PAWN, including a loss in business income.

16.     As a result of this event, CBP PROPERTY LP suffered damages in excess of the jurisdictional limits.

17.     As a result of this incident CASH BOX PAWN suffered damages in excess of the jurisdictional limits.

3

18.     Pursuant to the policy of insurance UNION INSURANCE COMPANY paid $1,082,623.15 to CBP PROPERTY LP.

19.     By operation of the contract of insurance and by virtue of payments made, UNION INSURANCE COMPANY became legally and equitably subrogated to the rights of CBP PROPERTY LP for the damage sustained by CBP PROPERTY to the extent of the payments made.

20.     Pursuant to the policy of insurance AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY paid $333,833.43 to CASH BOX PAWN.

21.     By operation of the contract of insurance and by virtue of payments made, AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY became legally and equitably subrogated to the rights of CASH BOX PAWN for the damage sustained by CASH BOX PAWN to the extent of the payments made.

## COUNT I STRICT LIABILITY-DESIGN DEFECT
### Lowe's Companies, Inc.

22.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

23.     At all times relevant, LOWE'S COMPANIES, INC., its representatives, employees and agents had a duty to exercise reasonable care and due caution in the manner in which it used, inspected, designed and installed KOBALT COMPRESSOR.

24.     At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by LOWE'S COMPANIES, INC.

25.     CASH BOX PAWN placed the subject KOBALT COMPRESSOR in its location at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

26.     At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

27.     Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

28.     The unit was, at all times relevant, properly maintained.

29.     The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition and for the foreseeable intended use when it left to the control of LOWE'S COMPANIES, INC., in that:

    a.   The unit was designed in a manner where it internally failed and caught fire on September 18, 2021; and

    b.   The unit was otherwise defective and unreasonably dangerous in design.

30.     LOWE'S COMPANIES, INC., knew or reasonably should have known the unit was defective or in unreasonably dangerous condition when left in its control.

31.     As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S COMPANIES, INC., in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT II STRICT LIABILITY-DESIGN DEFECT
## Lowe's Home Centers, LLC

32.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

33.    At all times relevant, LOWE'S HOME CENTERS, LLC, its representatives, employees and agents had a duty to exercise reasonable care and due caution in the manner in which it used, inspected, designed and installed KOBALT COMPRESSOR.

34.    At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by LOWE'S HOME CENTERS, LLC.

35.    CASH BOX PAWN placed the subject KOBALT COMPRESSOR in its location at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

36.    At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

37.    Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

38.    The unit was, at all times relevant, properly maintained.

39.    The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition and for the foreseeable intended use when it left the control of LOWE'S HOME CENTERS, LLC, in that:

      a.    The unit was designed in a manner where it internally failed and caught fire on September 18, 2021; and

      b.    The unit was otherwise defective and unreasonably dangerous in design.

40.     LOWE'S HOME CENTERS, LLC, knew or reasonably should have known the unit was defective or in unreasonably dangerous condition when left in its control.

41.     As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S HOME CENTERS, LLC, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT III STRICT LIABILITY-DESIGN DEFECT
## LF, LLC

42.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

43.     At all times relevant, LF, LLC, its representatives, employees and agents had a duty to exercise reasonable care and due caution in the manner in which it used, inspected, designed and installed KOBALT COMPRESSOR.

44.     At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by LF, LLC.

45.     CASH BOX PAWN placed the subject KOBALT COMPRESSOR in its location at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

46.     At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

47.     Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

48.     The unit was, at all times relevant, properly maintained.

49.     The unit was manufactured sold and distributed in a defective and unreasonably dangerous condition and for the foreseeable intended use when it left the control of LF, LLC, in that:

       a.  The unit was designed in a manner where it internally failed and caught fire on September 18, 2021; and

       b.  The unit was otherwise defective and unreasonably dangerous in design.

50.     LF, LLC, knew or reasonably should have known the unit was defective or in unreasonably dangerous condition when left in its control.

51.     As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LF, LLC, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT IV STRICT LIABILITY-DESIGN DEFECT
### Chervon North America, Inc.

52.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

53.     At all times relevant, CHERVON NORTH AMERICA, INC., its representatives, employees and agents had a duty to exercise reasonable care and due caution in the manner in which it used, inspected, designed and installed KOBALT COMPRESSOR.

54.     At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by CHERVON NORTH AMERICA, INC..

55.     CASH BOX PAWN placed the subject KOBALT COMPRESSOR in its location at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

56.     At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

57.     Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

58.     The unit was, at all times relevant, properly maintained.

59.     The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition and for the foreseeable intended use when it left to the control of CHERVON NORTH AMERICA, INC., in that:

> a.  The unit was designed in a manner where it internally failed and caught fire on September 18, 2021; and
>
> b.  The unit was otherwise defective and unreasonably dangerous in design.

60.     CHERVON NORTH AMERICA, INC., knew or reasonably should have known the unit was defective or in unreasonably dangerous condition when left in its control.

61.     As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, CHERVON NORTH AMERICA, INC., in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT V STRICT LIABILITY-DESIGN DEFECT
### Lowe's Companies, Inc. d/b/a Kobalt

62.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

63.     At all times relevant, LOWE'S COMPANIES, INC. d/b/a KOBALT, its representatives, employees and agents had a duty to exercise reasonable care and due caution in the manner in which it used, inspected, designed and installed KOBALT COMPRESSOR.

64.     At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by LOWE'S COMPANIES, INC. d/b/a KOBALT.

65.     CASH BOX PAWN placed the subject KOBALT COMPRESSOR in its location at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

66.     At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

67.     Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

68.     The unit was, at all times relevant, properly maintained.

69.     The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition and for the foreseeable intended use when it left the control of LOWE'S COMPANIES, INC. d/b/a KOBALT, in that:

      a.  The unit was designed in a manner where it internally failed and caught fire on September 18, 2021; and

      b.  The unit was otherwise defective and unreasonably dangerous in design.

70.     LOWE'S COMPANIES, INC. d/b/a KOBALT, knew or reasonably should have known the unit was defective or in unreasonably dangerous condition when left in its control.

71.     As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S COMPANIES, INC. d/b/a KOBALT, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT VI MANUFACTURE DEFECT
### Lowe's Companies, Inc.

72.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

73.     At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by LOWE'S COMPANIES, INC.

74.     At all times relevant, CASH BOX PAWN possessed the subject KOBALT COMPRESSOR which was located in the office at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

75.     At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

76.     Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

77.     The unit was, at all times relevant, properly maintained.

78.     The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition for the foreseeable intended use when it left the control of LOWE's COMPANIES, INC. in that:

     a.   The unit was manufactured in a manner where it internally failed and caught fire on September 18, 2021;

     b.   The unit was manufactured without proper inspection or testing to prevent it from internally failing or catching fire;

     c.   The unit was manufactured with poor wiring connections that were susceptible to failure an arcing; and

     d.   The unit was otherwise defective and unreasonably dangerous in manufacture.

79.     LOWE'S COMPANIES INC., knew or reasonably should have known the unit was defective or in unreasonably dangerous condition when left in its control.

80.     As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP  and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S COMPANIES, INC., in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT VII MANUFACTURE DEFECT
## Lowe's Home Centers, LLC

81.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

82.    At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by LOWE'S HOME CENTERS, LLC.

83.    At all times relevant, CASH BOX PAWN possessed the subject KOBALT COMPRESSOR which was located in the office at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

84.    At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

85.    Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

86.    The unit was, at all times relevant, properly maintained.

87.    The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition for the foreseeable intended use when it left the control of LOWE'S HOME CENTERS, LLC in that:

a. The unit was manufactured in a manner where it internally failed and caught fire on September 18, 2021;

b. The unit was manufactured without proper inspection or testing to prevent it from internally failing or catching fire;

c. The unit was manufactured with poor wiring connections that were susceptible to failure an arcing; and

d. The unit was otherwise defective and unreasonably dangerous in manufacture.

88.     LOWE'S HOME CENTERS, LLC, knew or reasonably should have known the unit was defective or in unreasonably dangerous condition when left in its control.

89.     As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S HOME CENTERS, LLC, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT VIII MANUFACTURE DEFECT
## LF, LLC

90.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

91.     At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by LF, LLC.

14

92.     At all times relevant, CASH BOX PAWN possessed the subject KOBALT COMPRESSOR which was located in the office at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

93.     At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

94.     Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

95.     The unit was, at all times relevant, properly maintained.

96.     The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition for the foreseeable intended use when it left the control of LF, LLC in that:

   a. The unit was manufactured in a manner where it internally failed and caught fire on September 18, 2021;

   b. The unit was manufactured without proper inspection or testing to prevent it from internally failing or catching fire;

   c. The unit was manufactured with poor wiring connections that were susceptible to failure an arcing; and

   d. The unit was otherwise defective and unreasonably dangerous in manufacture.

97.     LF, LLC, knew or reasonably should have known the unit was defective or in unreasonably dangerous condition when left in its control.

98.     As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LF, LLC, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

### COUNT IX MANUFACTURE DEFECT
### Chervon North America, Inc.

99.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

100.    At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by CHERVON NORTH AMERICA, INC.

101.    At all times relevant, CASH BOX PAWN possessed the subject KOBALT COMPRESSOR which was located in the office at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

102.    At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

103.    Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

104.    The unit was, at all times relevant, properly maintained.

105.    The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition for the foreseeable intended use when it left to the control of CHERVON NORTH AMERICA, INC. in that:

   a.  The unit was manufactured in a manner where it internally failed and caught fire on September 18, 2021;

b.  The unit was manufactured without proper inspection or testing to prevent it from internally failing or catching fire;

c.  The unit was manufactured with poor wiring connections that were susceptible to failure an arcing; and

d.  The unit was otherwise defective and unreasonably dangerous in manufacture.

106.    CHERVON NORTH AMERICA, INC., knew or reasonably should have known the unit was defective or in unreasonably dangerous condition when left in its control.

107.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP  and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, CHERVON NORTH AMERICA, INC., in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

### COUNT X MANUFACTURE DEFECT
### Lowe's Companies, Inc. d/b/a Kobalt

108.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

109.    At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by LOWE'S COMPANIES, INC d/b/a KOBALT.

110.    At all times relevant, CASH BOX PAWN possessed the subject KOBALT COMPRESSOR which was located in the office at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

111.    At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

112.    Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

113.    The unit was, at all times relevant, properly maintained.

114.    The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition for the foreseeable intended use when it left the control of LOWE'S COMPANIES, INC d/b/a KOBALT in that:

      a.   The unit was manufactured in a manner where it internally failed and caught fire on September 18, 2021;

      b.   The unit was manufactured without proper inspection or testing to prevent it from internally failing or catching fire;

      c.   The unit was manufactured with poor wiring connections that were susceptible to failure an arcing; and

      d.   The unit was otherwise defective and unreasonably dangerous in manufacture.

115.    LOWE'S COMPANIES, INC d/b/a KOBALT, knew or reasonably should have known the unit was defective or in unreasonably dangerous condition when left in its control.

116.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP  and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S COMPANIES, INC d/b/a KOBALT, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XI PRODUCTS LIABILITY-FAILURE TO WARN
### Lowe's Companies, Inc.

117.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

118.    At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by LOWE'S COMPANIES, INC.

119.    At all times relevant, CASH BOX PAWN possessed a unit which was located in the office at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

120.    At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

121.    Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

122.    The unit was, at all times relevant, properly maintained.

123.    The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition for the foreseeable intended use when it left the control of LOWE'S COMPANIES, INC., in that:

    a.    LOWE'S failed to adequately warn of this serious risk the KOBALT COMPRESSOR would internally fail and catch fire;

19

b.  LOWE'S failed to provide adequate instruction on how to avoid having the unit internally fail and catch fire; and

c.  LOWE'S otherwise failed to adequately warn and instruct the unit was defective and unreasonably dangerous when used for its normal and intended use.

124.    LOWE'S COMPANIES, INC., knew or reasonably should have known the unit was in a defective or unreasonably dangerous condition when left to its control.

125.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S COMPANIES, INC., in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XII PRODUCTS LIABILITY-FAILURE TO WARN
### Lowe's Home Centers, LLC

126.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

127.    At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by LOWE'S HOME CENTERS, LLC.

128.    At all times relevant, CASH BOX PAWN possessed a unit which was located in the office at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

129.    At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

130.    Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

131.    The unit was, at all times relevant, properly maintained.

132.    The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition for the foreseeable intended use when it left the control of LOWE'S HOME CENTERS, LLC, in that:

a.    LOWE'S HOME CENTERS, LLC failed to adequately warn of this serious risk the KOBALT COMPRESSOR would internally fail and catch fire;

b.    LOWE'S HOME CENTERS, LLC failed to provide adequate instruction on how to avoid having the unit internally fail and catch fire; and

c.    LOWE'S HOME CENTERS, LLC otherwise failed to adequately warn and instruct the unit was defective and unreasonably dangerous when used for its normal and intended use.

133.    LOWE'S HOME CENTERS, LLC, knew or reasonably should have known the unit was in a defective or unreasonably dangerous condition when left to its control.

134.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S HOME CENTERS, LLC, in an

amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XIII PRODUCTS LIABILITY-FAILURE TO WARN
## LF, LLC

135.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

136.    At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by LF, LLC.

137.    At all times relevant, CASH BOX PAWN possessed a unit which was located in the office at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

138.    At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

139.    Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

140.    The unit was, at all times relevant, properly maintained.

141.    The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition for the foreseeable intended use when it left the control of LF, LLC, in that:

a.    LF, LLC failed to adequately warn of this serious risk the KOBALT COMPRESSOR would internally fail and catch fire;

b.    LF, LLC failed to provide adequate instruction on how to avoid having the unit internally fail and catch fire; and

c.    LF, LLC failed to adequately warn and instruct the unit was defective and unreasonably dangerous when used for its normal and intended use.

22

142.    LF, LLC, knew or reasonably should have known the unit was in a defective or unreasonably dangerous condition when left to its control.

143.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LF, LLC, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XIV PRODUCTS LIABILITY-FAILURE TO WARN
### Chervon North America, Inc.

144.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

145.    At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by CHERVON NORTH AMERICA, INC.

146.    At all times relevant, CASH BOX PAWN possessed a unit which was located in the office at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

147.    At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

148.    Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

149.    The unit was, at all times relevant, properly maintained.

150.    The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition for the foreseeable intended use when it left the control of CHERVON NORTH AMERICA, INC., in that:

      a.    CHERVON failed to adequately warn of this serious risk the KOBALT COMPRESSOR would internally fail and catch fire;

      b.    CHERVON failed to provide adequate instruction on how to avoid having the unit internally fail and catch fire; and

      c.    CHERVON otherwise failed to adequately warn and instruct the unit was defective and unreasonably dangerous when used for its normal and intended use.

151.    CHERVON NORTH AMERICA, INC., knew or reasonably should have known the unit was in a defective or unreasonably dangerous condition when left to its control.

152.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, CHERVON NORTH AMERICA, INC., in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

### COUNT XV PRODUCTS LIABILITY-FAILURE TO WARN
### Lowe's Companies, Inc. d/b/a Kobalt

153.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

154.    At all times relevant the subject KOBALT COMPRESSOR unit was designed, manufactured and offered for sale to the general public, including to, CASH BOX PAWN by LOWE'S COMPANIES, INC d/b/a KOBALT.

155.    At all times relevant, CASH BOX PAWN possessed a unit which was located in the office at 1515 Aquarena Springs Dr Ste 100, San Marcos, TX 78666-2746.

156.    At all times relevant CASH BOX PAWN used the unit for its ordinary, normal intended use.

157.    Upon information and belief, the unit was not modified or altered in any way by CASH BOX PAWN.

158.    The unit was, at all times relevant, properly maintained.

159.    The unit was manufactured, sold and distributed in a defective and unreasonably dangerous condition for the foreseeable intended use when it left the control of LOWE'S COMPANIES, INC d/b/a KOBALT, in that:

    a.    LOWE'S failed to adequately warn of this serious risk the KOBALT COMPRESSOR would internally fail and catch fire;

    b.    LOWE'S failed to provide adequate instruction on how to avoid having the unit internally fail and catch fire; and

    c.    LOWE'S otherwise failed to adequately warn and instruct the unit was defective and unreasonably dangerous when used for its normal and intended use.

160.    LOWE'S COMPANIES, INC d/b/a KOBALT, knew or reasonably should have known the unit was in a defective or unreasonably dangerous condition when left to its control.

161.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S COMPANIES, INC d/b/a KOBALT, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XVI NEGLIGENCE
### Lowe's Companies, Inc.

162.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

163.    At all times relevant LOWE'S COMPANIES, INC., had a duty including a duty to CBP PROPERITES, LP and CASH BOX PAWN, to exercise reasonable care in all aspects of design, manufacture, testing, inspection, marketing, product distribution, and sale of the subject KOBALT COMPRESSOR.  This duty included not to introduce a product in the stream of commerce that would internally fail and catch fire.

164.    At all times relevant, LOWE'S COMPANIES, INC. owed a duty to CBP PROPERITES, LP and CASH BOX PAWN to adequately instruct in the use and warn of the dangers of the subject KOBALT COMPRESSOR.

165.    LOWE'S COMPANIES, INC., breached its duties in one or more of the following ways:

       a.    Negligently designed and/or manufactured the unit where as it internally failed and caught fire on September 18, 2021;

b.  Negligently designed and/or manufactured the unit without proper inspection or testing to prevent it from internally failing and catching fire;

c.  Negligently manufactured the unit with poor electrical connections;

d.  Negligently failed to warn of the serious risk the unit would internally fail and catch on fire;

e.  Negligently failed to provide adequate instructions on how to avoid having the unit fail and catch fire;

f.  Negligently failed to warn or instruct the unit was defective and otherwise dangerous; and

g.  Was otherwise careless and negligent.

166.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S COMPANIES, INC., in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XVII NEGLIGENCE
## Lowe's Home Centers, LLC

167.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

168.    At all times relevant LOWE'S HOME CENTERS, LLC, had a duty including a duty to CBP PROPERITES, LP and CASH BOX PAWN, to exercise reasonable care in all aspects

of design, manufacture, testing, inspection, marketing, product distribution, and sale of the subject KOBALT COMPRESSOR. This duty included not to introduce a product in the stream of commerce that would internally fail and catch fire.

169. At all times relevant, LOWE'S HOME CENTERS, LLC owed a duty to CBP PROPERITES, LP and CASH BOX PAWN to adequately instruct in the use and warn of the dangers of the subject KOBALT COMPRESSOR.

170. LOWE'S HOME CENTERS, LLC, breached its duties in one or more of the following ways:

    a. Negligently designed and/or manufactured the unit where as it internally failed and caught fire on September 18, 2021;

    b. Negligently designed and/or manufactured the unit without proper inspection or testing to prevent it from internally failing and catching fire;

    c. Negligently manufactured the unit with poor electrical connections;

    d. Negligently failed to warn of the serious risk the unit would internally fail and catch on fire;

    e. Negligently failed to provide adequate instructions on how to avoid having the unit fail and catch fire;

    f. Negligently failed to warn or instruct the unit was defective and otherwise dangerous; and

    g. Was otherwise careless and negligent.

171. As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN. These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S HOME CENTERS, LLC, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XVIII NEGLIGENCE
## LF, LLC

172.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

173.    At all times relevant LF, LLC, had a duty including a duty to CBP PROPERITES, LP and CASH BOX PAWN, to exercise reasonable care in all aspects of design, manufacture, testing, inspection, marketing, product distribution, and sale of the subject KOBALT COMPRESSOR.  This duty included not to introduce a product in the stream of commerce that would internally fail and catch fire.

174.    At all times relevant, LF, LLC owed a duty to CBP PROPERITES, LP and CASH BOX PAWN to adequately instruct in the use and warn of the dangers of the subject KOBALT COMPRESSOR.

175.    LF, LLC, breached its duties in one or more of the following ways:

a.    Negligently designed and/or manufactured the unit where as it internally failed and caught fire on September 18, 2021;

b.    Negligently designed and/or manufactured the unit without proper inspection or testing to prevent it from internally failing and catching fire;

c.    Negligently manufactured the unit with poor electrical connections;

    d.   Negligently failed to warn of the serious risk the unit would internally fail and catch on fire;

    e.   Negligently failed to provide adequate instructions on how to avoid having the unit fail and catch fire;

    f.   Negligently failed to warn or instruct the unit was destruct and otherwise dangerous; and

    g.   Was otherwise careless and negligent.

176.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

    Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LF, LLC, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XIX NEGLIGENCE
## Chervon North America, Inc.

177.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

178.    At all times relevant CHERVON NORTH AMERICA, INC., had a duty including a duty to CBP PROPERITES, LP and CASH BOX PAWN, to exercise reasonable care in all aspects of design, manufacture, testing, inspection, marketing, product distribution, and sale of the subject KOBALT COMPRESSOR.  This duty included not to introduce a product in the stream of commerce that would internally fail and catch fire.

179.    At all times relevant, CHERVON NORTH AMERICA, INC. owed a duty to CBP PROPERITES, LP and CASH BOX PAWN to adequately instruct in the use and warn of the dangers of the subject KOBALT COMPRESSOR.

180.    CHERVON NORTH AMERICA, INC., breached its duties in one or more of the following ways:

a.  Negligently designed and/or manufactured the unit where as it internally failed and caught fire on September 18, 2021;

b.  Negligently designed and/or manufactured the unit without proper inspection or testing to prevent it from internally failing and catching fire;

c.  Negligently manufactured the unit with poor electrical connections;

d.  Negligently failed to warn of the serious risk the unit would internally fail and catch on fire;

e.  Negligently failed to provide adequate instructions on how to avoid having the unit  fail and catch fire;

f.  Negligently failed to warn or instruct the unit was destruct and otherwise dangerous; and

g.  Was otherwise careless and negligent.

181.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY  a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, CHERVON NORTH AMERICA, INC., in

an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XX NEGLIGENCE
### Lowe's Companies, Inc. d/b/a Kobalt

182.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

183.    At all times relevant LOWE'S COMPANIES, Inc. d/b/a KOBALT, had a duty including a duty to CBP PROPERITES, LP and CASH BOX PAWN, to exercise reasonable care in all aspects of design, manufacture, testing, inspection, marketing, product distribution, and sale of the subject KOBALT COMPRESSOR.  This duty included not to introduce a product in the stream of commerce that would internally fail and catch fire.

184.    At all times relevant, LOWE'S COMPANIES, Inc. d/b/a KOBALT owed a duty to CBP PROPERITES, LP and CASH BOX PAWN to adequately instruct in the use and warn of the dangers of the subject KOBALT COMPRESSOR.

185.    LOWE'S COMPANIES, Inc. d/b/a KOBALT, breached its duties in one or more of the following ways:

    a.    Negligently designed and/or manufactured the unit where as it internally failed and caught fire on September 18, 2021;

    b.    Negligently designed and/or manufactured the unit without proper inspection or testing to prevent it from internally failing and catching fire;

    c.    Negligently manufactured the unit with poor electrical connections;

    d.    Negligently failed to warn of the serious risk the unit would internally fail and catch on fire;

    e.   Negligently failed to provide adequate instructions on how to avoid having the unit fail and catch fire;

    f.   Negligently failed to warn or instruct the unit was destruct and otherwise dangerous; and

    g.   Was otherwise careless and negligent.

186.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN. These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S COMPANIES, Inc. d/b/a KOBALT, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

### COUNT XXI BREACH OF IMPLIED WARRANTY AND MARKETABILITY
### Lowe's Companies, Inc.

187.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

188.    LOWE'S COMPANIES, INC., marketed, sold and placed the unit into the stream of commerce.

189.    At all times relevant, LOWE'S COMPANIES, INC., impliedly warranted the unit was safe and of merchantable quality.

190.    CBP PROPERTIES, LP and CASH BOX PAWN relied on this implied warranty in purchasing and determining the unit was a safe and merchantable product.

191.    LOWE'S COMPANIES, INC., breached the implied warranty in that the unit was not safe or a merchantable product as evidenced by the unit internally failing and catching fire on September 18, 2021.

192.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S COMPANIES, INC., in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XXII BREACH OF IMPLIED WARRANTY AND MARKETABILITY
### Lowe's Home Centers, LLC

193.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

194.    LOWE'S HOME CENTERS, LLC, marketed, sold and placed the unit into the stream of commerce.

195.    At all times relevant, LOWE'S HOME CENTERS, LLC, impliedly warranted the unit was safe and of merchantable quality.

196.    CBP PROPERTIES, LP and CASH BOX PAWN relied on this implied warranty in purchasing and determining the unit was a safe and merchantable product.

197.    LOWE'S HOME CENTERS, LLC, breached the implied warranty in that the unit was not safe or a merchantable product as evidenced by the unit internally failing and catching fire on September 18, 2021.

198.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S HOME CENTERS, LLC, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XXIII BREACH OF IMPLIED WARRANTY AND MARKETABILITY LF, LLC

199.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

200.    LF, LLC, marketed, sold and placed the unit into the stream of commerce.

201.    At all times relevant, LF, LLC impliedly warranted the unit was safe and of merchantable quality.

202.    CBP PROPERTIES, LP and CASH BOX PAWN relied on this implied warranty in purchasing and determining the unit was a safe and merchantable product.

203.    LF, LLC, breached the implied warranty in that the unit was not safe or a merchantable product as evidenced by the unit internally failing and catching fire on September 18, 2021.

204.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LF, LLC, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XXIV BREACH OF IMPLIED WARRANTY AND MARKETABILITY
### Chervon North America, Inc.

205.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

206.    CHERVON NORTH AMERICA, INC., marketed, sold and placed the unit into the stream of commerce.

207.    At all times relevant, CHERVON NORTH AMERICA, INC., impliedly warranted the unit was safe and of merchantable quality.

208.    CBP PROPERTIES, LP and CASH BOX PAWN relied on this implied warranty in purchasing and determining the unit was a safe and merchantable product.

209.    CHERVON NORTH AMERICA, INC., breached the implied warranty in that the unit was not safe or a merchantable product as evidenced by the unit internally failing and catching fire on September 18, 2021.

210.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, CHERVON NORTH AMERICA, INC.,

in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

### COUNT XXV BREACH OF IMPLIED WARRANTY AND MARKETABILITY
### Lowe's Companies, Inc. d/b/a Kobalt

211.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

212.    LOWE'S COMPANIES, INC. d/b/a KOBALT, marketed, sold and placed the unit into the stream of commerce.

213.    At all times relevant, LOWE'S COMPANIES, INC. d/b/a KOBALT, impliedly warranted the unit was safe and of merchantable quality.

214.    CBP PROPERTIES, LP and CASH BOX PAWN relied on this implied warranty in purchasing and determining the unit was a safe and merchantable product.

215.    LOWE'S COMPANIES, INC. d/b/a KOBALT, breached the implied warranty in that the unit was not safe or a merchantable product as evidenced by the unit internally failing and catching fire on September 18, 2021.

216.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S COMPANIES, INC. d/b/a KOBALT, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XXVI BREACH OF IMPLIED WARRANTY OF VICTIMS FOR A PARTICULAR PURPOSE
### Lowe's Companies, Inc.

217.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

218.    At all times relevant LOWE'S COMPANIES, INC., impliedly warranted the unit was safe and of merchantable quality.

219.    CBP PROPERTIES, LP and CASH BOX PAWN relied on this implied warranty in purchasing and determining the unit was safe and fit for their intended use.

220.    LOWE'S COMPANIES, INC., breached the implied warranty in that the unit was not safe or a merchantable product as evidenced by the unit internally failing and catching fire on September 18, 2021.

221.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP, and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S COMPANIES, INC., in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XXVII BREACH OF IMPLIED WARRANTY OF VICTIMS FOR A PARTICULAR PURPOSE
### Lowe's Home Centers, LLC

222.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

223.    At all times relevant LOWE'S HOME CENTERS, LLC, impliedly warranted the unit was safe and of merchantable quality.

224.    CBP PROPERTIES, LP and CASH BOX PAWN relied on this implied warranty in purchasing and determining the unit was safe and fit for their intended use.

225.    LOWE'S HOME CENTERS, LLC, breached the implied warranty in that the unit was not safe or a merchantable product as evidenced by the unit internally failing and catching fire on September 18, 2021.

226.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP, and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S HOME CENTERS, LLC, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XXVIII BREACH OF IMPLIED WARRANTY OF VICTIMS FOR A PARTICULAR PURPOSE
### LF, LLC

227.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

228.    At all times relevant LF, LLC, impliedly warranted the unit was safe and of merchantable quality.

229.    CBP PROPERTIES, LP and CASH BOX PAWN relied on this implied warranty in purchasing and determining the unit was safe and fit for their intended use.

230.    LF, LLC, breached the implied warranty in that the unit was not safe or a merchantable product as evidenced by the unit internally failing and catching fire on September 18, 2021.

231.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP, and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LF, LLC, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XXIX BREACH OF IMPLIED WARRANTY OF VICTIMS FOR A PARTICULAR PURPOSE
### Chervon North America, Inc.

232.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

233.    At all times relevant CHERVON NORTH AMERICA, INC., impliedly warranted the unit was safe and of merchantable quality.

234.    CBP PROPERTIES, LP and CASH BOX PAWN relied on this implied warranty in purchasing and determining the unit was safe and fit for their intended use.

235.    CHERVON NORTH AMERICA, INC., breached the implied warranty in that the unit was not safe or a merchantable product as evidenced by the unit internally failing and catching fire on September 18, 2021.

236.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP, and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, CHERVON NORTH AMERICA, INC., in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

## COUNT XXX BREACH OF IMPLIED WARRANTY OF VICTIMS FOR A PARTICULAR PURPOSE
### Lowe's Companies, Inc. d/b/a Kobalt

237.    Plaintiffs re-allege and incorporate by reference the preceding paragraphs as though fully set forth herein.

238.    At all times relevant LOWE'S COMPANIES, INC. d/b/a KOBALT, impliedly warranted the unit was safe and of merchantable quality.

239.    CBP PROPERTIES, LP and CASH BOX PAWN relied on this implied warranty in purchasing and determining the unit was safe and fit for their intended use.

240.    LOWE'S COMPANIES, INC. d/b/a KOBALT, breached the implied warranty in that the unit was not safe or a merchantable product as evidenced by the unit internally failing and catching fire on September 18, 2021.

241.    As a direct and proximate result of the defect and unreasonably dangerous design of the unit, the unit caught fire at CASH BOX PAWN and caused significant damage to both CBP PROPERTIES, LP, and CASH BOX PAWN.  These damages total in excess of $1,000,000.00.

Wherefore, Plaintiffs UNION INSURANCE COMPANY a/s/o CBP PROPERTY LP and AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY a/s/o CASH BOX PAWN request judgment in their favor and against Defendant, LOWE'S COMPANIES, INC. d/b/a KOBALT, in an amount in excess of $75,000 together with costs, interest and any other amounts the Court deems equitable and just.

DATED: September 13, 2023

Respectfully submitted,

By:     */s/ Joseph G. Peña*
        Joseph G. Peña
        RAY, PEÑA, McCHRISTIAN, P.C.
        9601 McAllister Freeway, Suite 901
        San Antonio, Texas 78216
        Phone: (210) 348-1813
        Fax: (210) 341-3557
        Email: jpena@raylaw.com

        */s/ Brian T. Suth*
        Brian T. Suth (*Pro Hac Vice* pending)
        NIELSEN, ZEHE & ANTAS, P.C.
        55 W. Monroe Street, Suite 1800
        Chicago, Illinois 60603
        Phone: (312) 635-1843
        Fax: (312) 322-9977
        Email: bsuth@nzalaw.com

        */s/ Matthew McLean*
        Matthew McLean (*Pro Hac Vice* pending)
        Thompson Brody & Kaplan, LLP
        161 N. Clark Street, Suite 3575
        Chicago, IL 60601
        Phone: (312) 374-8879
        Fax: (312) 782-3787
        Email: mclean@tbkllp.com

        *Attorneys for Plaintiffs*